IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| ROBERT HEARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 106-020 |
| ) | |
| FNU PINDA, Doctor; FNU BENNETT, ) | |
| Doctor; COMMISSIONER, Georgia ) | |
| Department of Corrections; FNU ) | |
| WILLIAMS, Doctor; FNU ALLEN, ) | |
| Warden; and FNU JACKSON, Lieutenant, ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

*Pro se* Plaintiff, an inmate incarcerated at Autry State Prison located in Pelham, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Plaintiff, has paid the filing fee in full, and therefore, is not proceeding *in forma pauperis* ("IFP"). As Plaintiff is not proceeding IFP, his amended complaint (doc. no. 16) is not subject to 28 U.S.C. § 1915(e)(2)'s screening provision. Farese v. Scherer, 342 F.3d 1223, 1228 (11th Cir. 2003) ("Logically, § 1915(e) only applies to cases in which the plaintiff is proceeding IFP"). However, because Plaintiff is a prisoner seeking redress against governmental entities, employees, or officers, his complaint is subject to screening under 28 U.S.C. § 1915A, which does not distinguish between IFP plaintiffs and non-IFP plaintiffs. 28 U.S.C. § 1915A; Thompson v. Hicks, 213 Fed. App'x 939, 942 (11th Cir. 2007) (*per curiam*). Pleadings

drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may review Plaintiff's complaint and dismiss the complaint, or any part thereof, if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. See 28 U.S.C. § 1915A.

Plaintiff previously filed a motion to amend his complaint. (Doc. no. 16). The Court explained that under Rule 15(a) of the Federal Rules of Civil Procedure, a plaintiff may amend once as a matter of course at any time before a responsive pleading is served. (Doc. no. 18). As Plaintiff's complaint had not yet been screened, and service had not been effected on any Defendant, the Court explained that Plaintiff may amend his complaint as a matter of right. (Id.). However, as Plaintiff improperly attempted to amend his complaint in a piecemeal manner by simply amending two sections of his original complaint, the Court directed him to file an amended complaint. (Id.). Plaintiff has submitted an amended complaint, (doc. no. 19), and it is this document that the Court will now screen.

## I. BACKGROUND

*Liberally* construing Plaintiff's amended complaint, the Court finds the following. Plaintiff names the following Defendants: (1) FNU Bennett, Doctor at Augusta State Medical Prison ("ASMP"); (2) FNU Pinda, Doctor at ASMP; and (3) FNU Williams, Doctor. (Doc. no. 19, pp. 1, 4). The crux of Plaintiff's amended complaint is that Defendants Bennett and Pinda were deliberately indifferent to his health. (See generally doc. no. 19). Plaintiff argues that both Defendants gave Plaintiff medication that "caused [his] muscles to be uncontrolable," caused "swelling in his hands, feet, etc.," and caused a general "weakness" that "seriously affect[ed] his health and psychological safety." (Id. at 5). Plaintiff maintains

2

that Defendants Bennett and Pinda were aware that Plaintiff was having these side effects from the medication and did not discontinue treating Plaintiff with the medication. (Id. at 6). Plaintiff notes that Defendant Pinda saw Plaintiff at least 5 times a week "from August to October," and at least once a week from October 2003 until May 2004. (Id. at 7).

Plaintiff also alleges various general conditions of confinement claims against Defendants Bennett and Pinda. Plaintiff argues that these Defendants ordered Plaintiff to be without his toothbrush, underwear, shoes, or his Bible.[1] (Id.). Additionally, he claims that Dr. Bennett ordered Plaintiff to stay in a cell with no clothes, mattress, or covers. (Id. at 8). Plaintiff does not indicate the time frame for these occurrences. Plaintiff believes that Defendants Bennett and Pinda withheld these items and subjected Plaintiff to these conditions because Plaintiff refused to talk to them. (Id. at 7-8). Plaintiff does not make any specific allegations concerning Defendant Williams.

Plaintiff concludes that he was in "obvious pain and affliction[,]" and that he developed a psychological disorder as a result. (Id. at 13). He claims that he "will never be the same again"; Defendants Bennett, Pinda, and Williams were aware of Plaintiff condition and that their inaction was an "outward abuse and deliberate indifference." (Id.).

## II. DISCUSSION

### A. Defendants Named in Proposed Amended Complaint

In the Court's Order directing Plaintiff to amend his complaint, he was warned that his amended complaint would supersede his previously filed complaint. (Doc. no. 18, p. 4

---

[1] Plaintiff alleges a First Amendment violation concerning his Bible being taken. (Doc. no. 19, p. 12).

3

(citing Malowney v. Federal Collection Deposit Group, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999); King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994)). Plaintiff was also specifically told that he must name all Defendants in the caption and the body of the amended complaint. (Id. at 5). Upon review of the amended complaint, the Court finds that Plaintiff no longer names the Commissioner of the Georgia Department of Corrections, FNU Allen, or FNU Jackson, as a parties to the lawsuit. As Plaintiff fails to name in the caption and/or describe in the body of the amended complaint any actions taken by these three original Defendants, the Commissioner of the Georgia Department of Corrections, FNU Allen, and FNU Jackson should be dismissed from this lawsuit.

### B.     Defendant Williams

Plaintiff has also sued Defendant Williams. Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that the amended complaint fails to state a claim for relief against this Defendant. That is, while Plaintiff names Defendants Williams as a Defendant, he does not assert any allegations of wrong doing regarding this Defendant in his statement of claims. In fact, Plaintiff's only mention of Defendant Williams in his statement of claims is that he was aware of Plaintiff's condition. Plaintiff does not indicate how Defendant Williams was aware of his situation, much less that Defendant Williams participated in any of the alleged wrong-doing.

"Section 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and

citations omitted). The Eleventh Circuit has held, a district court properly dismisses defendants where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendants with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1222-23 (11th Cir. 2008) (citing Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."))). Thus, in the absence of an allegation of any connection between any actions of Defendant Williams with any alleged unconstitutional deprivation, Plaintiff fails to state a claim for relief against this Defendant. On that basis, Defendant Williams should be dismissed.

### C. Claims Regarding General Conditions of Confinement

Plaintiff argues that Defendants Bennett and Pinda caused Plaintiff to stay in a cell with no toothbrush, clothes, mattress, or covers. To the extent that Plaintiff argues that these conditions support a claim for deliberate indifference, his argument fails. Although Plaintiff may argue that he had an absolute right to bedding, no such right exists. Williams v. Delo, 49 F.3d 442, 446 (8th Cir. 1995). More generally, it should also be noted that short periods of incarceration in unsanitary conditions are generally insufficient to evidence an Eighth Amendment violation. See, e.g., Harris v. Fleming, 839 F.2d 1232, 1235 (7th Cir. 1988) (depriving prisoner of toilet paper, soap, toothpaste and toothbrush while keeping him in filthy, roach-infested cell for a period of several days was not a constitutional violation). Similarly, Plaintiff's allegations Defendants Bennett and Pinda ordered Plaintiff to be without his toothbrush, underwear, shoes, or bedding, do not rise to the level of an Eighth

Amendment violation. Therefore, Plaintiff has not proffered any facts that Defendants Bennett and Pinda deprived him of "the minimal civilized measure of life's necessities," based on his conditions of confinement claims. See Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985) (noting that the fact that the plaintiff had to sleep upon a mattress on the floor or on a table is not necessarily a constitutional violation). Therefore his general conditions of confinement claims should be dismissed.

### III. CONCLUSION

As explained above, Plaintiff failed to state a claim upon which relief can be granted regarding the general conditions of confinement. He also failed to state a claim upon which relief can be granted against Defendant Williams. Finally, he failed to name Defendants FNU Allen, FNU Jackson, and Commissioner of the Georgia Department of Corrections in his amended complaint. Accordingly, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's claim concerning his general conditions of confinement be **DISMISSED** and that Defendants FNU Williams, FNU Allen, FNU Jackson, and the Commissioner of the Georgia Department of Corrections be **DISMISSED** from this case.[2]

SO REPORTED and RECOMMENDED this 31st day of July, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[2] By separate Order, the Court has directed that service of process be effected on Defendants Bennett and Pinda for Plaintiff's claim of deliberate indifference to his health concerning the medication they prescribed and their alleged failure to address the purported side effects, as well as Plaintiff's First Amendment claim.